# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:19-CV-00434-RJC-DSC

| | |
|---|---|
| JEFFERY NICHOLS, | ) |
| Plaintiff, | ) |
| v. | ) |
| HUESKER SYNTHETIC GMBH AND HUESKER INC., | ) |
| Defendants. | ) |

## MEMORANDUM AND RECOMMENDATION AND ORDER

**THIS MATTER** is before the Court on "Defendant HUESKER Synthetic GmbH's Motion to Dismiss ... [for Insufficient Service of Process]" (document #4), as well as the parties' briefs and exhibits.

This matter was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and this Motion is now ripe for the Court's consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that Defendant's Motion to Dismiss be granted as discussed below.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On September 5, 2019, pro se Plaintiff filed his Complaint against Defendants HUESKER Group and HUESKER Synthetic GmbH asserting claims for disability discrimination and retaliation under the Americans with Disabilities Act of 1990, 42 USC §§ 12112 et. seq. HUESKER Synthetic GmbH is a limited liability company organized and existing under the laws

of the Federal Republic of Germany. Plaintiff attempted to serve HUESKER Synthetic GmbH by sending a copy of the Summons and Complaint to its business office at Fabrikstrasse 13-15, 48712 Gescher, Germany via the international delivery company DHL.

On October 29, 2019, Defendant HUESKER Synthetic GmbH filed its Motion to Dismiss.

On January 17, 2020, Plaintiff filed a response which addresses the substance of his claims but not his failure to properly serve HUESKER Synthetic GmbH.

Defendant HUESKER Group has filed an Answer on behalf of Plaintiff's employer, HUESKER Inc. See Document #3. HUESKER Inc. has stipulated to the case caption being amended. Accordingly, it is ordered that HUESKER Inc. is substituted as the remaining Defendant and the case caption is amended to reflect the substitution.

## II. DISCUSSION OF CLAIMS

A motion to dismiss pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure is the appropriate means for challenging the sufficiency of service. Plaintiff bears the burden of showing that sufficient service of process has been accomplished. Adkins v. Jackson, 5:15-cv-102-FDW, 2018 WL 1279338, at *2 (W.D.N.C. Mar. 12, 2018) (quoting Plant Genetic Systems v. CIBA Seeds, 933 F. Supp. 519, 526 (M.D.N.C. 1996)). Fed. R. Civ. P. 4(h) provides that a foreign corporation or a partnership or other unincorporated association not within any judicial district of the United States may be served in any manner prescribed by Fed. R. Civ. P. 4(f).

Rule 4(f)(1) states:

Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served at a place not within any judicial district of the United States:
(1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents.

"North Carolina law requires strict compliance with the service of process statutes, even where it is clear . . . that a defendant has received actual notice of the action." Hoyle v. United Auto Workers Local Union, 444 F. Supp. 2d 467, 474 (W.D.N.C. 2006) (citing Philpott v. Kerns, 203 S.E.2d 778, 780 (1974)).

Since the United States and Germany are both signatories to the Hague Convention, service on HUESKER Synthetic GmbH must be made in accordance with its requirements. Hague Convention, 20 U.S.T. 361. A party seeking to serve a person or entity in Germany must complete a Request for Service Abroad of Judicial or Extrajudicial Documents and submit that request, along with copies of the documents to be served and translations of those documents, to the designated Central Authority. Id. Plaintiff has not done so. Germany's Declarations and Reservations to the Hague Convention clearly state that service of judicial documents by postal channels is not permitted. See Davies v. Jobs & Adverts Online, Gmbh, 94 F.Supp.2d 719, 722 n.6 (E.D.Va.2000); 2003 Responses to 2003 Questionnaire—Germany at 11 (available at http://www.hcch.net/upload/wop/lse_de_tot.pdf) ("Germany ... has objected to the use of postal channels under Article 10 a) of the Convention").

For those and the other reasons stated in Defendant's brief, the undersigned respectfully recommends that its Motion to Dismiss be granted.

### III. ORDER

**IT IS ORDERED** that HUESKER Inc. is substituted for HUESKER Group as party Defendant and the case caption is amended to reflect the substitution.

## IV. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that "Defendant HUESKER Synthetic GmbH's Motion to Dismiss … [for Insufficient Service of Process]" (document #4) be **GRANTED** and the Complaint be **DISMISSED WITHOUT PREJUDICE** as to that Defendant.

## V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation and Order to pro se Plaintiff, to defense counsel, and to the Honorable Robert J. Conrad, Jr.

**SO ORDERED AND RECOMMENDED.**

Signed: February 3, 2020

_____
David S. Cayer
United States Magistrate Judge